IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LATARSHIA DELISHE OLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01529-N |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Wal-Mart Stores Texas, LLC's and Wal-Mart Real Estate Business Trust's (collectively "Walmart") motion for summary judgment [21]. For the reasons below, the Court grants in part and denies in part the motion.

## I. ORIGINS OF THE DISPUTE

This case arises out of a slip-and-fall incident that occurred in the beverage section of a Walmart store in Dallas, Texas.  On October 20, 2020, Latarshia Delishe Oliver was walking down the cold beverage aisle when she slipped on liquid on the floor.  Defs.' Br. 2 [22].  The slip caused Oliver to twist her knee.  Pl.'s Br. 1–2 [25].  Oliver states that she noticed the liquid after she fell.  Defs.' Br. Ex. A at Appx. 13.  Additionally, she states that there were no warning signs in place, and that she did not hear anybody complain about the liquid. *Id.* at Appx. 13, 21.

Oliver filed this lawsuit against Walmart in the 14th Judicial District Court in Dallas County, Texas, alleging premises liability, ordinary negligence, and gross negligence.

MEMORANDUM OPINION AND ORDER – PAGE 1

Walmart removed the case to this Court on the basis of diversity jurisdiction.  Walmart now moves for summary judgment on all claims.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

MEMORANDUM OPINION AND ORDER – PAGE 2

586–87 (1986).  Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).  Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.   THE COURT DENIES SUMMARY JUDGMENT ON OLIVER'S PREMISES LIABILITY CLAIM BECAUSE THERE IS A DISPUTE OF FACT

To prevail on a motion for summary judgment, Walmart, as the movant, must show that no genuine issue of material fact exists, and that the undisputed facts entitle it to judgment as a matter of law.  The Court finds that Walmart has not adequately shown that there is no dispute of material fact as to whether the liquid hazard was open and obvious.  Additionally, the Court finds that Walmart has failed its initial burden to show that there is no evidence to support Oliver's premises liability claim.  Accordingly, Walmart is not entitled to summary judgment on Oliver's premises liability claim.

#### A.   There Is a Dispute of Fact as to Whether the Liquid Was an Open and Obvious Hazard

Under Texas law, a landowner has a general duty towards invitees to either make safe or warn against dangerous conditions on the premises.  *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).  This duty stems from the idea that the landowner is "typically in a better position than the invitee to be aware of hidden hazards on the

premises." *Id.* However, where a dangerous condition is open and obvious, the landowner is not in a better position to discover it, and thus owes no duty to invitees. *Id.* Whether a condition is open and obvious is a question of law and is determined under an objective test. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). This inquiry is "not controlled by whether the invitee had personal, subjective knowledge or awareness" of the dangerous condition. *Martin v. Gehan Homes Ltd.*, 2008 WL 2309265, at *2 (Tex. App. – Austin 2008, no pet.) (mem. op.).

A condition is open and obvious when the evidence "conclusively establishes" that, under a totality of the circumstances, a reasonably prudent invitee would have knowledge and a full appreciation of the nature and extent of the danger. *Los Compadres*, 622 S.W.3d at 788–89. A condition that would "not be obvious to someone pushing a shopping cart and looking at eye-level merchandise 'in the manner contemplated that shoppers would do'" is not open and obvious. *Armendariz v. Wal-Mart Stores, Inc.*, 721 F. App'x 368, 371 (5th Cir. 2018) (quoting *Safeway Stores, Inc. v. Leck*, 543 S.W.2d 207, 210 (Tex. App. – Waco 1976, no writ)).

Upon evaluation of the record, the Court holds that Walmart has not met its summary judgment burden to show a lack of genuine dispute as to whether the liquid on the floor was an open and obvious hazard. At the time of the incident, Oliver was pushing a shopping cart loaded with "two or three pumpkins" while looking for products in a beverage aisle. Defs.' Br. Ex. A at Appx. 10–11. After having walked down the aisle once, Oliver turned around, walked back down the aisle, and then proceeded to slip. *Id.* at Appx. 11. After she slipped, Oliver noticed that the floor was wet. *Id.* at Appx. 13. Further,

Oliver noted that no warning signs were present in the aisle and that she did not hear anybody warn or complain about liquid in the aisle. *Id.* at Appx. 13, 21. These facts tend to show the existence of a genuine issue for trial.

While there were no warning signs at the scene before Oliver fell, Walmart points out that there was a cleaning cart located in the aisle at that time. *Id.* at Appx. 19. However, this cart alone does not serve the same function as a warning sign—intentionally informing customers of a hazard. At the time of Oliver's fall, the cart was standing, unattended, in the aisle. *See* Defs.' Br. Ex. A-1 at Appx. 34. A reasonable shopper would not necessarily interpret the presence of an unattended cleaning cart as signifying danger. Walmart also points out that Oliver did not slip until the second time she walked down the beverage aisle. *Id.* at Appx. 11. However, this indicates that, even given the "obviously filthy" condition of the floors, Defs.' Br. Ex. A at Appx. 26, Oliver did not have full knowledge and appreciation of the danger. Of course, Oliver's subjective lack of awareness of the danger does not control. But it does still call into question whether the danger presented by the liquid was open and obvious.

Further, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, 2014 WL 6997166, at *3 (Tex. App. – Fort Worth 2014, pet. denied) (mem. op.) (collecting cases); *see also Rosas v. Buddies Food Store*, 518 S.W.2d 534, 538 (Tex. 1975) (holding that a wet floor on a rainy day just inside the grocery store's entrance was not an open and obvious condition). Walmart, in turn, points out that the "danger associated with water on a floor is commonly known and obvious to anyone." Defs.' Reply 3 [27] (quoting *Aleman*

*v. Ben E. Keith Co.*, 227 S.W.3d 304, 313 (Tex. App. – Houston [1st Dist.] 2007, no pet.)). However, this only applies once a reasonably prudent invitee would have noticed the presence of liquid.  If the presence of liquid is not open and obvious, then the obviousness of the danger associated with it is not relevant.

At the time of the incident, Oliver was walking with a shopping cart and looking for specific items of merchandise.  In this way she was acting in a "manner contemplated that shoppers would do."  *Safeway*, 543 S.W.2d at 210.  The fact that she was pushing a loaded cart and searching for specific items, there were no warning signs, and there was no verbal warning or complaint about the status of the floors all could support an inference that the hazard was not open and obvious.

Based on the summary judgment record, the Court concludes that Walmart has failed to show the absence of a genuine dispute of material fact as to whether the liquid on the floor was an open and obvious hazard.  Accordingly, summary judgment is not appropriate as to this issue.

### B.   *Walmart Does Not Show a Lack of Genuine Dispute of Material Fact for Premises Liability*

Walmart further asks the Court to grant summary judgment on Oliver's premises liability claim, even if the hazard is not found to be open and obvious, because Oliver cannot establish the elements of premises liability.  Defs.' Br. 6.  In response, Oliver argues that Walmart's "no evidence" challenge is not recognized in federal court.  Pl.'s Br. 5–6. Because the Court finds that Walmart has not met its initial burden to show a lack of a

dispute of material fact as to the elements of premises liability, the Court denies summary judgment on this claim.

While Texas courts recognize two types of summary judgment—traditional and no-evidence—there is only one summary judgment in federal court. *See Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure."). Where, as here, the movant does not bear the burden of proof at trial, the movant can meet its summary judgment burden by either submitting evidence that negates an essential element of the nonmovant's claim or by showing that the record contains no evidence necessary to support an essential element of the nonmovant's claim. *Celotex*, 477 U.S. at 322–25. However, conclusory statements that make no reference to the record are insufficient for a movant to meet its burden of showing a lack of evidence to support a claim. *See Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993) ("It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case.").

Here, Walmart recites the elements of a premises liability claim and then states that Oliver cannot establish these elements by competent evidence. Defs.' Br. 6. In doing so, Walmart makes a conclusory statement and fails to show a lack of evidence to support the premises liability claim. As such, Walmart has failed to meet its summary judgment burden to show a lack of genuine dispute for trial on this issue.

MEMORANDUM OPINION AND ORDER – PAGE 7

Because there is a fact issue as to whether the liquid hazard was open and obvious and because Walmart failed to meet its summary judgment burden of showing a lack of evidence as to the elements of premises liability, the Court denies summary judgment to Walmart on Oliver's premises liability claim.

### IV.   THE COURT GRANTS SUMMARY JUDGMENT ON OLIVER'S NEGLIGENT ACTIVITY CLAIM

Walmart next moves for summary judgment on Oliver's negligence claim.  Walmart argues that Oliver's injury could not have resulted from any contemporaneous activity. Because the Court agrees that there was no contemporaneous activity that caused the accident, the Court grants summary judgment on Oliver's negligence claim.

"Under the general umbrella of negligence, there are distinct species of claims . . . ." *Odom v. Kroger Tex., L.P.*, 2014 WL 585329, at *3 (N.D. Tex. 2014). Negligent action and premises liability are two distinct claims under Texas law.  *Allen v. Wal-Mart Stores Tex., LLC*, 2015 WL 1955060, at *5 (S.D. Tex. 2015).  "Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (alteration omitted) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."); *Barron v. United States*, 111 F.4th 667, 672

MEMORANDUM OPINION AND ORDER – PAGE 8

(5th Cir. 2024) (affirming grant of summary judgment where the plaintiff's "claim in this case sounds in premises liability and not negligence.").

Here, Oliver slipped in a liquid substance on the floor.  While some type of activity may have caused the liquid to be present on the floor, Oliver's injuries do not stem from that activity but instead result from the hazardous condition of the wet floor.  Indeed, Oliver admits in her response that "this is a premises liability case, and not a matter involving a contemporaneous activity."  Pl.'s Br. 2.  Accordingly, the Court grants summary judgment to Walmart on Oliver's negligence claim.

## V.   THE COURT DENIES SUMMARY JUDGMENT ON OLIVER'S GROSS NEGLIGENCE CLAIM BECAUSE THERE IS A DISPUTE OF FACT

Finally, Walmart moves for summary judgment on Oliver's gross negligence claim. Because the Court finds that Walmart has failed to show the absence of a genuine issue of material fact on this issue, the Court denies summary judgment on Oliver's gross negligence claim.

Under Texas law, a plaintiff can recover for gross negligence by satisfying the elements of either ordinary negligence or premises liability and by demonstrating gross negligence's two additional elements by clear and convincing evidence.  *Austin*, 746 F.3d at 196 n.2 (citing *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006)); *Castro v. Wal-Mart Real Estate Bus. Tr.*, 645 F. Supp. 3d 638, 650 (W.D. Tex. 2022).  First, the plaintiff must establish that the act or omission of the defendant involved an extreme degree of risk.  TEX. CIV. PRAC. & REM. CODE § 41.001(11)(A); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785–86 (Tex. 2001).  Second, the plaintiff must establish that the defendant had an

actual, subjective awareness of the risk involved but still proceeded with conscious indifference to the rights, safety, or welfare of others.  TEX. CIV. PRAC. & REM. CODE § 41.001(11)(B); *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

A corporation can be held liable for gross negligence only if the corporation itself commits gross negligence.  *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).  Because a corporation can only act via its agents, it is liable for gross negligence only if it (1) authorizes or ratifies an agent's gross negligence, (2) is grossly negligent in hiring an unfit agent, or (3) commits gross negligence through the actions of a vice principal.  *Id.* at 921–22.  A "vice principal" encompasses four categories of corporate agents:

> (a) Corporate officers; (b) those who have authority to employ, direct, and discharge servants of the master; (c) those engaged in the performance of nondelegable or absolute duties of the master; and (d) those to whom a master has confided the management of the whole or a department or division of his business.

*Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997) (quoting *Fort Worth Elevators Co. v. Russell*, 70 S.W.2d 397, 406 (Tex. 1934), *overruled on other grounds by Wright v. Gifford-Hill & Co.*, 725 S.W.2d 712, 714 (Tex. 1987)).

In this case, the evidence indicates that a Walmart employee may have noticed the liquid on the floor prior to Oliver's fall but delayed in placing a warning sign or cleaning it up.  At the time of Oliver's fall, there was an unattended cleaning cart near the area of the liquid.  *See* Defs.' Br. Ex. A-1 at Appx. 34.  Additionally, Oliver's testimony suggests that the employee who had been tasked with cleaning the liquid went to lunch and could not be found after Oliver slipped.  Pl.'s Br. Ex. A at 107–08.  Oliver also recalls that there

was a Walmart employee stocking shelves near the liquid.  *Id.* at 57.  These facts, taken together, are enough to create an issue of fact as to whether Walmart had an actual, subjective awareness of the liquid.

At this summary judgment stage, Walmart has failed to show a lack of dispute of material fact as to the elements of gross negligence.  Accordingly, the Court denies summary judgment to Walmart on Oliver's gross negligence claim.

CONCLUSION

Because Oliver's claim for ordinary negligence fails as a matter of law, the Court grants summary judgment as to that claim.  However, because genuine issues of material fact exist as to whether the hazard that caused Oliver's injury was open and obvious and whether Walmart had an actual, subjective awareness of the hazard, the Court denies summary judgment on Oliver's premises liability and gross negligence claims.


Signed September 9, 2024.


David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 11